**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**AT PITTSBURGH**

| | | |
|---|---|---|
| INGRAM BARGE COMPANY LLC | ) | |
| 4400 Harding Pike | ) | |
| Nashville, TN 37205 | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| BORGHESE LANE, LLC | ) | |
| 1114 Fedorek Drive | ) | |
| South Park, PA 15129 | ) | |
| | ) | |
| 149 Nichol Ave. | ) | |
| Building 1A | ) | |
| McKees Rocks, PA 15136 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| MCKEES ROCKS HARBOR | ) | |
| SERVICES, LLC | ) | |
| 149 Nichol Ave. | ) | |
| Pittsburgh, PA 15136-2627 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| INDUSTRY TERMINAL & | ) | |
| SALVAGE COMPANY | ) | |
| 107 Canton St. | ) | |
| Industry, PA 15052 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Ingram Barge Company LLC ("Ingram"), by and through the undersigned counsel, and hereby states its causes of actions against Defendants Borghese Lane, LLC, McKees Rocks Harbor Services, LLC, and Industry Terminal & Salvage Company as follows:

1

**NATURE OF ACTION**

1. This action arises from a barge breakaway and resulting damages that occurred on January 13, 2018 at or around Mile 4 on the Ohio River ("the Breakaway").

2. This action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is brought for relief pursuant to general maritime law.

**JURISDICTION AND VENUE**

3. Ingram is, and was at all times relevant to this action, a Tennessee limited liability company with its principal place of business located in Nashville, Tennessee, which is duly qualified to transact business in the Commonwealth of Pennsylvania and within the jurisdiction of this Honorable Court

4. At all relevant times to this action, Ingram was the owner or charterer and owner *pro hac vice* of the following loaded inland river covered hopper cargo barges (collectively, "the Barges"), which at the time of the event in question were within the jurisdiction of this Honorable Court:

   a. IN075452, Official No. 1196048, which was loaded with cement

   b. IN107050, Official No. 1227451, which was loaded with cement

   c. ING6503, Official No. 1053367, which was loaded with magnesium olivine

   d. IN107025, Official No. 1226402, which was loaded with cement

   e. ZT 415-B, Official No. 1048477, which was loaded with calcined magnesite

   f. T13860, Official No. 1040458, which was loaded with cement

   g. IN155499, Official No. 1261828, which was loaded with cement

   h. ING 5822, Official No. 1119026, which was loaded with cement

   i. IN107043, Official No. 1226420, which was loaded with cement

   j. IN025302, Official No. 1120753, which was loaded with cement

     k.  IN085155, Official No. 1210549, which was loaded with cement

     l.  IN075156, Official No. 1195000, which was loaded with cement

     m.  IN075170, Official No. 1195014, which was loaded with cement

     n.  T13914, Official No. 1057118, which was loaded with cement

     o.  IN015442, Official No. 1114390, which was loaded with cement

     p.  IN166466, Official No. 1268963, which was loaded with cement

     q.  ING6538, Official No. 1041906, which was loaded with cement

     r.  IN135445, Official No. 1244350, which was loaded with cement

     s.  ING5920, Official No. 976021, which was loaded with cement

     t.  IN107062, Official No. 1227463, which was loaded with calcined magnesite

     u.  IN166474, Official No. 1268971, which was loaded with cement

     v.  ING5901, Official No. 981398, which was loaded with cement

     w.  IN017408, Official No. 1110419, which was loaded with cement

     x.  IN095028, Official No. 1217990, which was loaded with cement

5. Defendant Borghese Lane, LLC ("Borghese Lane") is, and was at all times relevant to this action, a Pennsylvania limited liability company with its principal place of business located in South Park, Pennsylvania.

6. Defendant McKees Rocks Harbor Services, LLC ("McKees Rocks") is, and was at all times relevant to this action, a Pennsylvania limited liability company with its principal place of business located in Pittsburgh, Pennsylvania.

7. Defendant Industry Terminal & Salvage Company ("ITS") is, and was at all times relevant to this action, a Pennsylvania corporation with its principal place of business located in Industry, Pennsylvania.

8.  Upon information and belief, McKees Rocks owned the M/V Jack Klee and the M/V Charlotte Klee at all times relevant to this action.

9.  Upon information and belief, Borghese Lane operated the M/V Jack Klee and the M/V Charlotte Klee at all times relevant to this action.

10. This action is being filed pursuant to the Court's admiralty jurisdiction, 28 U.S.C. § 1333, for recovery pursuant to general maritime law.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims asserted herein occurred on the Ohio River within this District and Division.

**FACTS**

12. At all relevant times herein, upon information and belief, the Jacks Run fleet, located on the right descending bank at or around Mile 4 on the Ohio River ("Jacks Run Fleet"), was owned and/or operated by Borghese Lane, McKees Rocks and/or ITS.

13. Prior to and at the time of the Breakaway, the Barges were moored/fleeted in the Jacks Run Fleet and under the exclusive care, custody, and control of Borghese Lane, McKees Rocks and/or ITS, creating a bailment.

14. At the time each of the Barges was delivered into the exclusive care, custody, and control of Borghese Lane, McKees Rocks and/or ITS, the Barges were in a good, undamaged, and seaworthy condition.

15. Prior to the Breakaway, severe river and weather conditions were forecasted, including, but not limited to, high water, swift current, and ice floes.

16. Upon information and belief, Borghese Lane, McKees Rocks and/or ITS failed to take all measures necessary to ensure the safety and security of the Barges while in their exclusive care, custody, and control and to avoid the Breakaway.

17. Upon information and belief, Borghese Lane, McKees Rocks and/or ITS failed to move the Barges to safe waters in anticipation of the forecasted weather and river conditions.

18. Upon information and belief, Borghese Lane, McKees Rocks and/or ITS failed to exercise ordinary care, precaution, and proper nautical skill in mooring/securing the Barges in the Jacks Run Fleet in a manner capable of withstanding the prevailing conditions.

19. Upon information and belief, Borghese Lane, McKees Rocks and/or ITS negligently directed and/or allowed the Jacks Run Fleet, including the Barges, to be configured or positioned in a manner that exceeded that which was reasonably safe and prudent under the prevailing conditions and/or allowed by any applicable U.S. Army Corps of Engineers fleeting permit.

20. As a direct and proximate result of the foregoing acts and/or omissions, the Barges broke free from the Jacks Run Fleet, causing the Barges to be carried downriver in an uncontrolled and unrestrained manner, resulting in damage to the Barges and, upon information and belief, damage to the Emsworth Lock and Dam.

21. As a direct and proximate result of the Breakaway, including the foregoing acts and/or omissions and resulting damage to the Barges, Ingram has or will incur expenses for, *inter alia*, emergency response and recovery efforts, removal, salvage, damage surveys, drydocking, temporary and permanent repairs, fines, penalties, liability to the government pursuant to The Rivers and Harbors Act and/or The Wreck Act, liability to third-parties, and attorney fees and expenses.

22. As a direct and proximate result of the Breakaway, including the foregoing acts and/or omissions and resulting damage to the Barges, Ingram has or will lose the use of the Barges and the business and profits it would have enjoyed had the Barges not been damaged.

23. As a direct and proximate result of the Breakaway, including the foregoing acts and/or omissions and resulting damage to the Barges, certain cargo contained in the Barges was either lost or damaged.

## COUNT I – GENERAL MARITIME NEGLIGENCE

24. Ingram hereby incorporates paragraphs 1-23 by reference as if fully set forth herein.

25. Borghese Lane, McKees Rocks, and ITS had a duty to operate the Jacks Run Fleet in a reasonably prudent manner and in accordance with any applicable fleeting permit issued by the U.S. Army Corps of Engineers.

26. Borghese Lane, McKees Rocks, and ITS had a duty to exercise reasonable care to prevent damage to the Barges while in their care, custody, and control, including, but not limited to, taking all measures necessary to ensure the safety and security of the Barges and to avoid the Breakaway, to move the Barges to safe waters in anticipation of the forecasted weather and river conditions, to exercise ordinary care, precaution, and proper nautical skill in mooring/securing the Barges in a manner capable of withstanding the prevailing conditions, and to configure or position the Jacks Run Fleet in a manner that was reasonably safe and prudent under the prevailing conditions and/or in compliance with any applicable U.S. Army Corps of Engineers fleeting permit.

27. Borghese Lane, McKees Rocks, and ITS negligently breached their duties in one or more of the following non-exclusive respects:

  a.   The improper, unsafe or incompetent execution of fleeting services; and/or

6

    b.  By arranging the Barges in the Jacks Run Fleet in a manner that was not reasonably safe and prudent under the prevailing conditions; and/or

    c.  By violating the size, location and/or total barges allowed by any applicable fleeting permit issued U.S. Army Corps of Engineers; and/or

    d.  For each of the reasons set forth in the FACTS section, above, and/or;

    e.  All other acts or omissions established at the time of trial.

28. Borghese Lane, McKees Rocks, and ITS are vicariously liable for those acts of negligence and/or statutory or regulatory violations of their respective Captains, Pilots, and crew, all of whom were acting within the course and scope of their employment.

29. The Breakaway occurred as a direct and proximate result of the negligent acts and/or omissions listed above.

30. Borghese Lane, McKees Rocks, and ITS are liable to Ingram for all costs, fees, fines, penalties, expenses, damages, and disbursements proximately resulting from the Breakaway.

### COUNT II – UNSEAWORTHINESS

31. Ingram hereby incorporates paragraphs 1-23 by reference as if fully set forth herein.

32. As owner and/or operator of the M/V Jack Klee and the M/V Charlotte Klee, Borghese Lane and/or McKees Rocks had an absolute and non-delegable duty to maintain safe and seaworthy vessels, appliances, appurtenances, equipment, and personnel.

33. The M/V Jack Klee and the M/V Charlotte Klee were unseaworthy on January 13, 2018 in one or more of the following non-exclusive manners:

    a.  failing to have a crew of sufficient experience and competence to safely manage and oversee the fleeting of the Barges; and/or

    b.   failing to have a crew of sufficient experience and competence to safely manage and oversee the Jacks Run Fleet under the prevailing conditions; and/or

    c.   for each of the reasons set forth in the FACTS section, above, and/or;

    d.   all other unseaworthy conditions which will be determined in discovery and proven at trial.

34. The Breakaway occurred as a direct and proximate result of the unseaworthy conditions listed above.

35. Borghese Lane and/or McKees Rocks are liable to Ingram for all costs, fees, fines, penalties, expenses, damages, and disbursements proximately resulting from the Breakaway.

## COUNT III – BREACH OF ORAL MARITIME CONTRACT

36. Ingram hereby incorporates paragraphs 1-23 by reference as if fully set forth herein.

37. At all times relevant, an oral maritime service contract existed by and between Ingram and Borghese Lane, McKees Rocks, and/or ITS.

38. According to the terms and conditions of the oral maritime service contract, Borghese Lane, McKees Rocks, and/or ITS was to provide Ingram with barge fleeting, shifting, tow breaking and building, tug services, barge cleaning, cover handling, pumping and other similar harbor services at the Jacks Run in exchange for Ingram's payment of agreed upon rates.

39. As the obligor in a maritime service contract, Borghese Lane, McKees Rocks and/or ITS owed Ingram, as the owner of the Barges, a duty of workmanlike performance.

40. Borghese Lane, McKees Rocks, and/or ITS breached the oral maritime service contract and accompanying warranty or workmanlike performance in one or more of the following non-exclusive respects:

    a.   The improper, unsafe or incompetent execution of fleeting services; and/or

b. By arranging the Barges in the Jacks Run Fleet in a manner that was not reasonably safe and prudent under the prevailing conditions; and/or

c. By violating the size, location and/or total barges allowed by any applicable fleeting permit issued U.S. Army Corps of Engineers; and/or

d. For each of the reasons set forth in the FACTS section, above, and/or;

e. All other acts or omissions established at the time of trial.

41. At no time did Ingram engage in any conduct which prevented or seriously hampered Borghese Lane, McKees Rocks and/or ITS in performance of the oral maritime service contract or in the performance of their duties in accordance with the warranty of workmanlike performance.

42. The Breakaway occurred as a direct and proximate result of the breaches listed above.

43. Borghese Lane, McKees Rocks, and/or ITS are liable to Ingram for all costs, fees, fines, penalties, expenses, damages, and disbursements proximately resulting from the Breakaway.

**COUNT IV – BREACH OF THE WARRANTY OF WORKMANLIKE PERFORMANCE**

44. Ingram hereby incorporates paragraphs 1-23 by reference as if fully set forth herein.

45. As a wharfinger, fleeter, and dock owner, Borghese Lane, McKees Rocks and/or ITS owed Ingram, as the owner of the Barges, a duty of workmanlike performance.

46. As the wharfinger, fleeter, and dock owner, Borghese Lane, McKees Rocks and/or ITS were the parties best suited to adopt preventative measures to prevent the Breakaway and resulting damages.

47. Borghese Lane, McKees Rocks and/or ITS breached the warranty of workmanlike performance by one or more of the following non-exclusive acts or omissions:

a. The improper, unsafe or incompetent execution of fleeting services; and/or

    b.  By arranging the Barges in a manner that was not reasonably safe and prudent under the prevailing conditions; and/or

    c.  Violating the size, location and/or total barges allowed by any applicable fleeting permit issued U.S. Army Corps of Engineers; and/or

    d.  For each of the reasons set forth in the FACTS section, above, and/or;

    e.  All other acts or omissions established at the time of trial.

48. At no time did Ingram engage in any conduct which prevented or seriously hampered Borghese Lane, McKees Rocks and/or ITS in performance of their duties in accordance with the warranty of workmanlike performance.

49. The Breakaway occurred as a direct and proximate result of Borghese Lane, McKees Rocks and/or ITS's breach of the warranty of workmanlike performance.

50. Borghese Lane, McKees Rocks and/or ITS are liable to Ingram for all costs, fees, fines, penalties, expenses, damages, and disbursements proximately resulting from the Breakaway.

## PRAYER FOR RELIEF

    WHEREFORE, Plaintiff Ingram Barge Company LLC respectfully requests that Defendants Borghese Lane, McKees Rocks and/or ITS be cited to appear and answer, and, after a trial on the merits of this cause, that judgment be entered in its favor as follows:

    a.    Actual damages, as detailed above, in excess of the minimum jurisdictional limits of this Court, in the categories specified above;

    b.    Attorney's fees;

    c.    Pre-judgment interest at the maximum legal rate;

    d.    Post-judgment interest at the maximum legal rate;

    e.    Costs of court; and

f.      Such other and further relief, special and general, legal and equitable, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

CIPRIANI & WERNER, P.C.


/s/Holly M. Whalen
Holly M. Whalen, Esquire
PA I.D. #84878
650 Washington Road, Suite 700
Pittsburgh, PA 15228
412-563-2500 Tel.
412-563-2080 Fax
hwhalen@c-wlaw.com
***Local Counsel for Plaintiff***


/s/Todd M. Powers
Todd M. Powers (OH I.D. #0027122) (Pro Hac Vice Motion to be Filed)
Megan A. Sullivan (OH I.D. #0076355) (Pro Hac Vice Motion to be Filed)
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
5300 Socialville Foster Road, Suite 200
Mason, Ohio 45040
513-583-4200 Tel.
513-583-4203 Fax
tpowers@smbplaw.com
mahrens@smbplaw.com
***Attorneys for Plaintiff***